# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Michael WILLIAMS<br>DOB: 4/22/1980 | ) ) ) ) ) )  Case No.  25-902M(NJ) |

**WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the    Eastern    District of    Wisconsin
*(identify the person or describe the property to be searched and give its location)*:

Michael WILLIAMS, DOB: 4/22/1980

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Saliva and epithelial cells (to be taken via a buccal swab).

**YOU ARE COMMANDED** to execute this warrant on or before    May 29, 2025    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Hon. Nancy Joseph    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    05/15/2025 10:46 am    *[signature: Nancy Joseph]*
                                                                 *Judge's signature*

City and state:    Milwaukee, WI    Honorable Nancy Joseph, U.S. Magistrate Judge
                                                                 *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.:<br>25-902M(NJ) | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____<br><br>                                                                                _____<br>                                                                              *Executing officer's signature*<br><br>                                                                                   *Printed name and title* |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 25-902M(NJ)
Michael WILLIAMS )
DOB: 4/22/1980 )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Michael WILLIAMS, DOB: 4/22/1980

located in the ___Eastern___ District of ___Wisconsin___, there is now concealed *(identify the person or describe the property to be seized)*:

Saliva and epithelial cells (to be taken via a buccal swab)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ❒ evidence of a crime;
- ❒ contraband, fruits of crime, or other items illegally possessed;
- ❒ property designed for use, intended for use, or used in committing a crime;
- ❒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1); 846; and 924(c) | Distribution and possession with intent to distribute controlled substances; Drug conspiracy; and Possession of a firearm in furtherance of a drug trafficking crime. |

The application is based on these facts:
See Attached Affidavit.

- ❒ Continued on the attached sheet.
- ❒ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Robert Gregory, DEA TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___telephone___ *(specify reliable electronic means)*.

Date: 5/15/2025

*Judge's signature*

City and state: Milwaukee, WI    Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT FOR BUCCAL DNA

I, Robert Gregory, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I have over eleven years of experience as a law enforcement officer through the Milwaukee Police Department (MPD). I am currently assigned to the North Central High Intensity Drug Trafficking Area (HIDTA) – Interdiction Unit, which is involved in the investigation of offenses involving, but not limited to, narcotics, narcotics trafficking, and individuals prohibited from possessing firearms within the City of Milwaukee. I am a federally deputized Task Force Officer with the United States Department of Justice Drug Enforcement Agency (US DOJ – DEA). I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. Section 2510(7), in that I am empowered by the law to conduct investigations of and to make arrests for federal felony arrests.

2. As a Police Officer and a Task Force Officer, I have participated in the investigation of numerous narcotics-related offenses, resulting in the prosecution and conviction of individuals and the seizure of illegal drugs, weapons, United States currency and other evidence of criminal activity. As a narcotics investigator, I have interviewed many individuals involved in drug trafficking and have obtained information from them regarding the acquisition, sale, importation, manufacture, and distribution of controlled substances. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology used by the traffickers and abusers of controlled substances. I have participated in all aspects of drug investigations,

1

including physical surveillance, execution of search warrants, undercover operations, analysis of phones and the arrests of numerous drug traffickers. I have also been the affiant of many search warrants.

3. Additionally, I have spoken with other experienced narcotics investigators on numerous occasions concerning the method and practices of drug traffickers and money launderers. Furthermore, I have attended training courses that specialized in the investigation of narcotics trafficking and money laundering. Based on my training, experience, and conversations with other law enforcement officers (LEOs), I am familiar with the ways in which drug traffickers conduct their unlawful drug trafficking activity, including, but not limited to, their methods used to manufacture, distribute, transport, store, and import controlled substances, their methods used to collect and launder trafficking-derived proceeds, their use of code words and numbers to conduct their transactions, their methods for concealing and safeguarding narcotics and narcotics proceeds, and their use of violence and threats of violence to protect their organization. I know and have observed that drug traffickers frequently possess firearms and ammunition to protect their illegal product.

4. I am further aware of the methods employed by major narcotics organizations to thwart any investigation of their illegal activities. I am also familiar with their use of telephones, counter-surveillance, false and/or fictitious identities, and the use of coded language during conversations when referring to narcotics in an attempt to disguise the true meaning of the conversation. Finally, I know that it is common for drug traffickers to maintain evidence of their trafficking, i.e. records, receipts, notes, ledgers,

airline tickets, receipts relating to the purchase of financial instruments and/or the transfer of funds and other papers relating to the transportation, ordering, sale and distribution of controlled substances, and that they are maintained where the traffickers have ready access to them.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses, records, documents, and other evidence obtained during this investigation.

6. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

## PROBABLE CAUSE

8. The United States, including the North Central High Intensity Drug Trafficking Area, the Milwaukee Metro Drug Enforcement Group, and DEA, are conducting a criminal investigation of Michael WILLIAMS regarding possible violations of 21 U.S.C. §§ 841(a)(1) (distribution of and possession with intent to distribute controlled substances) and 846 (drug conspiracy), and 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime).

9. During the course of this investigation, investigators obtained approval

from the United States District Court in the Eastern District of Wisconsin, to intercept multiple telephones, including two phones used by Phillip DANIELS SR. including (213) 444-9828 (Target Telephone 2), and (773) 948-2322 (Target Telephone 4).

10. During the course of this investigation, case agents determined that WILLIAMS used phone number (612) 471-5032 (a phone subscribed to him) to further DTO activities. Between August 24, 2022, and October 29, 2022, case agents believe DANIELS and WILLIAMS used a residence located at 3122 Thomas Avenue North, Minneapolis, Minnesota (the "Thomas Stash") to manufacture controlled substances on at least three occasions (approximately August 28-29, October 9, and October 28). Location information for WILLIAMS' vehicle, a black 2018 Dodge Durango bearing Minnesota Registration HDV059, and DANIELS' GMC Yukon, bearing Wisconsin Registration M0NEY23, and physical and digital surveillance, reflect WILLIAMS and DANIELS were both at the Thomas Stash during these times. Additionally, intercepted calls during or shortly after these Thomas Stash house visits, wherein DANIELS recounts "working" and being "sick from work," lead case agents to believe that DANIELS and WILLIAMS bring controlled substances to this location, mix and/or add cutting agents/adulterants to the substances, and prepare the substances for distribution.

11. For example, October 9, 2022, at 11:09 a.m., DANIELS, using Target Telephone 2, called WILLIAMS at (612) 471-5032. DANIELS told WILLIAMS, "Okay cool. Hey listen, I think I got us, I think I got us I think I got us into a we can put our brains together while I was waiting at the house my mind went to thinking so I went over to Michael's and now I'm gonna be on my way back." Later in the conversation, DANIELS

4

stated, "So I went to Michaels I think I got what we need so get on up and I'll meet you at the crib." WILLIAMS responded, "Alright, I'll be there in like fifteen minutes."

12. Based on their training, experience, and knowledge of this investigation, case agents believe that during this call DANIELS told WILLIAMS that he (DANIELS) got what they needed and would be traveling back to meet WILLIAMS soon. Based on the below information, case agents believe that DANIELS told WILLIAMS he went to the store to purchase items used to manufacture and package controlled substances, and that the "crib" was a reference to the Thomas Stash.

13. GPS data on DANIELS' GMC Yukon reflected that on this day, October 9, at 10:21 a.m., the Yukon arrived at Home Depot located at 1520 New Brighton Boulevard, Minneapolis, Minnesota. This Home Depot is attached to numerous other stores with one of the stores being Michael's Crafts. At 10:48 a.m., the Yukon drove around the building to the other side of the parking lot and parked in front of Michael's Crafts. After a short time at Michaels, the Yukon traveled directly to the Thomas Stash. At approximately 11:54 a.m., fixed electronic surveillance captures DANIELS' black GMC Yukon arriving and parking on the street just outside the Thomas Stash. DANIELS was observed pacing up and down the street. At 12:02 p.m., DANIELS walked to the front door of the Thomas Stash, stood by the door for several seconds, then walked back towards the street. At 12:04 a.m., WILLIAMS arrived in his black Dodge Durango at the Thomas Stash, parked in front, and walked towards DANIELS. At approximately 12:06 p.m., multiple individuals were observed carrying in bags. At 12:07 p.m., WILLIAMS re-entered his Durango and drove away from the area, while DANIELS entered the Thomas Stash.

5

14. After the intercepted communication noted above occurred, authorities obtained from a representative at The Home Depot still shot photographs of DANIELS in the store, as well as DANIELS' Home Depot store receipt from his transaction on October 9, 2022. According to the still shot photographs, DANIELS was depicted in The Home Depot near the checkout at approximately 10:40 a.m. The receipt, date and time-stamped October 9, 2022, at 10:40 a.m., reflects that DANIELS purchased numerous items that relate to controlled substance manufacturing, packaging, and distribution, some of which included two Tyvek coveralls protective clothing, numerous nickel-plated stencil numbers, safety glasses, a gallon of acetone, two respirators, folding knife, plastic gloves, and sixty yards of Stucco tape. Based on my training, experience, and knowledge of this investigation, I know that individuals who manufacture and packaged controlled substances for distribution wear protective clothing, safety glasses, gloves, and respirators to protect themselves from the harmful substances they are manufacturing for sale. Additionally, intercepted phone calls over Target Telephone 2 reflect that DANIELS has told individuals about how potent or strong his controlled substances are and that he needs to wear a mask when working with them. I also know that individuals who manufacture kilograms of controlled substances will use a hydraulic press to make the controlled substance into "brick" form. Commonly, the traffickers will stamp numbers, letters, or symbols on top of the brick as a "signature" to identify their product. I believe that DANIELS purchased the nickel stencil markers to mark the product he planned to manufacture at WILLIAMS' residence. Furthermore, I know that acetone is a common product that is used by traffickers to "wash" cocaine. More specifically, I know traffickers

6

will add acetone to cocaine that has many cutting agents in it that affect the purity of the cocaine because the acetone removes the cutting agents, resulting in a purer product. Additionally, I also know that traffickers that manufacture kilogram levels of controlled substances commonly wrap the kilogram in plastic coverings and then wrap the plastic in tape numerous times. Traffickers do this to prevent the controlled substance from breaking apart and to attempt to prevent any odor from being emitted that could be detected by a law enforcement canine.

## Search Warrant Executions

15. On November 29, 2022, the Thomas Stash was searched pursuant to a federal search warrant. Officers located the following controlled substances at this time:

    a. approximately 3,471 grams of fentanyl, comprised of fentanyl pills and pressed fentanyl;

    b. approximately 302 grams of heroin;

    c. approximately 596 grams of crystal methamphetamine;

    d. approximately 553 grams of powder cocaine; and

    e. approximately 7,600 grams of marijuana.

16. The controlled substances were located in the following areas of the Thomas Stash: basement dryer, various bedrooms, the dining room, and kitchen. Investigators also recovered from this residence a small scale with residue from the dining area, two metal manual metal drug presses in the kitchen, and a white plastic dog food container in the dining room.

17. WILLIAMS' primary residence was 3401 83rd Ave N, Brooklyn Park, Minnesota.

18. In the month of October and November of 2022, case agents compared WILLIAMS' vehicle GPS data with E-911 data on WILLIAMS cellular phone and electronic surveillance showed that WILLIAMS' Dodge Durango and cellular device were consistently in the vicinity of the Brooklyn Park address, including during overnight hours. Furthermore, on multiple occasions, case agents physically observed the black Dodge Durango parked in the driveway of the Brooklyn Park address.

19. On November 29, 2022, WILLIAMS' Brooklyn Park residence was searched pursuant to a federal search warrant. Officers located the following at this time: $154,379 U.S. currency, which was located in various locations throughout the house. Approximately $143,470 was located in a bag in the crawl space in the basement, $10,909 was located in the master bedroom, specifically in a shoe box in the master closet and in the master bedroom dresser. The money was packaged in black shrink wrap.

20. Officers also located two firearms in this residence, including a loaded P80 Ghost handgun (No Serial#) under the master bed; a loaded Remington RM 380 (Serial# RM063414C), and ammunition in master bed foot chest.

21. Additionally, officers located numerous jewelry items, to include a gold colored tiger necklace with clear stones, two watches, a silver ring with clear stones, and a gold bracelet with clear stones; a money counter in the basement; approximately 158.9 grams of marijuana wax in WILLIAMS' Dodge Durango; and multiples phones to include

8

1 in basement, 1 in kitchen cabinet, 2 in bedroom, and multiple in a master bedroom closet.

### WILLIAMS' Criminal History and Charges

22.  WILLIAMS' previous convictions include a 2008 felony conviction in Hennepin County Minnesota for aiding an offender to avoid arrest (Case No. CR-06-064264), a 2008 felony conviction in Hennepin County Minnesota for 1st degree Aggravated Robbery (Case No. CR-08-50760), and a 2018 felony conviction in Hennepin County Minnesota for Felon in Possession of a Firearm (Case No. CR-16-28919).

23.  The firearms seized on November 29, 2022 from the residence believed to be WILLIAMS' have been processed for DNA. The collected buccal swabs from the firearms will be submitted to a crime laboratory for further examination. A standard DNA sample from WILLIAMS is needed for comparison and/or confirmatory purposes.

24.  Your affiant and/or another law enforcement officer involved in this investigation propose to use a buccal swab DNA kit to obtain the DNA exemplar of WILLIAMS until an adequate sample is obtained.

### CONCLUSION

31.  Because this affidavit is only for the limited purpose of securing a search warrant, I have not set forth each and every fact known to me concerning this investigation. I have included what I believe are facts sufficient in establishing probable cause for the warrant sought.

32.  Upon service, WILLIAMS must provide the DNA sample forthwith.

33.  Based upon the aforementioned, I believe that there is probable cause to

believe that on the person known as WILLIAMS, in the Eastern District of Wisconsin, there is now concealed certain property, namely saliva and epithelial cells that are evidence of the crimes of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).